NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LEROY McLAUREN,                           :
                                          :
                   Petitioner,            :            Civil Action No. 13-0145 (CCC)
                                          :
        v.                                :            **MEMORANDUM  OPINION**
                                          :            **NOTICE AND ORDER**
PAUL K. LAGANA et al.,                    :
                                          :
                   Respondents.           :
                                          :

It appearing that:

1.      On January 7, 2012, the Clerk received a submission made by Leroy McLauren

        ("Petitioner").  See Docket Entry No. 1.  The submission, executed on January 3, 2013,[1]

        see Docket Entry No. 1-3, presented a petition ("Petition") seeking a writ of habeas

        corpus, pursuant to 28 U.S.C. § 2254(a), and challenging a judgment of conviction

        entered by the Superior Court of New Jersey in 1988.  See Docket Entry No. 1.  The bulk

        of Petitioner's application is dedicated to a discussion as to why his Petition shall be

        deemed timely, see id., even though the Supreme Court of New Jersey denied him

        certification as to his direct appeal on May 30, 1990, see State v. McLauren, 122 N.J. 160

        (1990), and his application for post-conviction relief was filed only in December 2009,

---

[1] Since the submission was executed on January 3, 2013, it is self-evident that Petitioner could not have handed his submission to the prison officials for mailing to the Court prior to that date, and the Court takes a judicial notice to that effect.  See Jackson v. Broad. Music, Inc., 2006 U.S. Dist. LEXIS 3960, at *18 (S.D.N.Y. Jan. 31, 2006) ("the court may take judicial notice of . . . admissions in pleadings . . . filed by a party").  At this juncture, the Court need not make a determination as to whether he handed his submission to the prison officials on a later date.

that is, almost two decades later, yielding dismissal as untimely under the state law.  See State v. McLauren, 2012 WL 1537305 (N.J. Super. Ct. App. Div. May 3, 2012), certif. denied, 212 N.J. 431 (Oct. 25, 2012), which sets forth requirements that are far more lenient than those posed by the governing federal regime.[2]

2.    The Petition arrived accompanied by Petitioner's application to proceed in this matter in forma pauperis.  See Docket Entry No. 1-1.  The application indicated that, within six months preceding Petitioner's submission of the Petition at bar, his prison account balance varied between $210 and $1,248, dropping to $185 only once.  See id.

3.    The filing fee for a petition for writ of habeas corpus is $5.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and a certification signed by an authorized officer of the institution certifying the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  See Local Civil Rule 81.2(c).

---

[2]   See Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (equitable tolling applies "only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur [only] when the petitioner has in some extraordinary way been prevented from asserting his or her rights. . . . Mere excusable neglect is not sufficient"); compare N.J. Ct. R. 3:22-12(a) (state court provision allowing equitable tolling for the purposes of post-conviction review applications upon the litigant's showing of excusable neglect).

4.     Here, Petitioner's application does not contain a certification of the greatest amount on

deposit in his institutional account.  See Docket Entry No. 1-1.  However, a cursory

review of the same establishes that the greatest amount was equal to $1,248, while the

average, median and prevalent amounts during the last six months well exceeded $500.

See id.  Indeed, only once Petitioner's account dropped below $200, going to $185.  See

id.  In light of the foregoing, and being guided by both the spirit and letter of Local Civil

Rule 81.2(c), this Court cannot find that payment of $5 filing fee would be unduly

burdensome for Petitioner.  See Adkins v. E. I. DuPont De Nemours & Co., Inc., 335

U.S. 331 (1948) (a federal court should not use the affidavit of indigency requirement of

§ 1915 as a tool to force a party to prove that he is absolutely destitute before allowing

that person to proceed in forma pauperis, but the district court enjoys discretion to

determine whether the payment of the fees would be unduly burdensome).  Therefore,

Petitioner's application to proceed in this matter in forma pauperis will be denied; such

denial will be with prejudice.  Petitioner, however, will be allowed an opportunity to

submit his filing fee of $5 within thirty days.

5.     In the event Petitioner elects to submit his filing fee, the Court will allow him to show

cause as to why his Petition should not be dismissed as facially untimely.[3]  Although

---

[3] Since Petitioner was denied certification as to his judgment of conviction in 1990, his federal period of limitations expired on April 23, 1997.  (Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ended on April 24, 1997, not April 23, 1997.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (collecting cases).  Although the Third Circuit has noted that, "[a]rguably we should have used

(continued...)

Petitioner appears keenly aware of this crucial deficiency of his application and, indeed, the bulk of his Petition is dedicated to discussion of this topic, see Docket Entry No. 1, this Court is mindful of the Court of Appeals' relevant guidance and, thus, finds it prudent to allow Petitioner an additional and final opportunity to address this issue.[4]

IT IS, therefore, on this _____18_____ day of _____January_____, 2013,

ORDERED that Petitioner's application to proceed in this matter in forma pauperis, Docket Entry No. 1-1, is denied with prejudice; and it is further

ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

---

[3](...continued)
April 24, 1997, rather than April 23, 1997, as the cut-off date," Douglas v. Horn, 359 F.3d 257, 261 n.5 (3d Cir. 2004) (citing Fed. R. Civ. P. 6(d)), it appears that April 23, 1997 is the relevant cut-off date in this Circuit.  The one-day difference, however, is likely to be immaterial in this case because Petitioner filed his application at bar almost sixteen years later.)

[4] See United States v. Bendolph, 409 F.3d 155, 159-69 (3d Cir. 2005) (district court may sua sponte dismiss a habeas application as untimely even if respondents are directed to answer and yet fail to raise untimeliness as an affirmative defense); United States v. Bryant, 186 F. App'x 298, 299 (3d Cir. 2006) (same); see also United States v. Pierce, 2011 U.S. Dist. LEXIS 129527 (D. Del. Nov. 8, 2011) ("[Habeas] Rule 4 requires a district court judge to sua sponte dismiss a habeas petition without ordering a responsive pleading, 'if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief.'  Rule 4, 28 U.S.C. foll. § 2255").  "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland v. Scott, 512 U.S. 849, 856 (1994); see also Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985) (same), cert. denied, 490 U.S. 1025 (1989).  However, since a district court should ordinarily "give notice that a limitations problem may exist, as well as provide an opportunity for a habeas . . . petitioner to respond" to the court's concerns, see Bendolph, 409 F.3d at 165, n.15, because "there may be reasons not apparent on the record," United States v. Clive, 2008 U.S. Dist. LEXIS 63357, at *8 (W.D. Pa. Aug. 19, 2008) (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)), the Court will allow Petitioner one more opportunity to elaborate on the issue of timeliness.

ORDERED that Petitioner may have this case reopened in the event he submits his filing fee of $5 within thirty days from the date of entry of this Memorandum Opinion, Notice and Order; and it is further

ORDERED that administrative termination is not a dismissal on merits, and this Court will deem Petitioner's application at bar timely -- but only in the event it was timely on the day when Petitioner handed it to his prison officials for mailing to this Court; and it is further

ORDERED that, in the event Petitioner submits his filing fee of $5 within thirty days from the date of entry of this Memorandum Opinion, Notice and Order, he may, if he so desires, accompany his filing fee by a written statement not exceeding five pages, single-sided and double-spaced, further elaborating on the issue of timeliness of his Petition; and it is further

ORDERED that, in the event Petitioner does not submit such written statement, his opportunity to show cause as to why his Petition should not be dismissed as untimely would be deemed conclusively waived, and the Court will address solely the relevant argument stated in his Petition; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion, Notice and Order upon Petitioner by regular U.S. mail.

**Claire C. Cecchi**
**United States District Judge**

5