**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEROY MCLAUREN, | |
| Petitioner, | Civil Action No. 13-0145 (CCC) |
| v. | OPINION |
| PAUL K. LAGANA, et al., | |
| Respondents. | |

**CECCHI, District Judge:**

Petitioner Leroy McLauren ("Petitioner"), confined at Northern State Prison in Newark, New Jersey, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging a sentence imposed by the State of New Jersey for murder, robbery, and related offenses. For reasons stated below, the Court denies the Petition as time-barred.

## I.   FACTUAL BACKGROUND

The Court recites only those facts relevant to this Opinion. Petitioner was convicted and sentenced by the State of New Jersey for aggravated manslaughter, felony murder, robbery, unlawful possession of a firearm, and possession of a firearm for an unlawful purpose, on March 7, 1988 after a jury trial. (ECF No. 1 at 2.) An appeal was filed challenging the conviction and sentence, and they were affirmed on February 13, 1990. *Id.* Certification was denied by the New Jersey Supreme Court on May 30, 1990. (ECF No. 13-8.) Thereafter, Petitioner alleges that due to gross negligence on the part of two private attorneys that Petitioner hired to assist him in filing a state application for post-conviction relief ("PCR"), an extraordinarily long delay occurred between his conviction and the filing of his PCR application. (ECF No. 1 at 8-9.) Finally, in

December 2009, the PCR application was filed after Petitioner retained the services of a third attorney. (ECF No. 14-1 at 4.) The PCR application was denied as time-barred on March 23, 2010, *id.*, affirmed on May 3, 2012, *id.* at 2, and certification was denied on October 25, 2012. (ECF No. 14-4 at 2.) In reaching its timeliness ruling, the Appellate Division stated:

> By way of excusable neglect, McLauren points to difficulty with two retained counsel. The first attorney was retained in late 1990, and was paid a retainer to file a PCR petition. That attorney was eventually suspended from practice for, among other things, failure to act with reasonable diligence. *In re Moorman*, 135 N.J. 1 (1994). The retainer was eventually returned.
>
> According to correspondence in the appendix, McLauren retained another attorney in March 1994, and appears to have paid that attorney a retainer. Between March 1994 and February 2002, McLauren corresponded with the second attorney or his associate, during which time McLauren expressed frustration that no action had been taken. We note that, in 1999, he informed the attorney that he had prepared a PCR motion and brief himself. Significantly for the purposes of this appeal, McLauren has provided no explanation for the delay between his last correspondence with the second attorney in February 2002 and the filing of his petition in December 2009, a period in excess of seven years.
>
> Our review of the record satisfies us that the PCR judge did not abuse his discretion in determining that McLauren had failed to prove exceptional circumstances justifying the filing of his petition sixteen years late. While it appears that he was taken advantage of by his first two attorneys, McLauren has no explanation for the subsequent seven year delay, which itself exceeds the five year period during which an initial PCR petition must be filed. Nor is there any explanation for his failure to file on his own the documents he had prepared in 1999 or to seek representation through appointment of the Public Defender. The prejudice to the State in attempting to retry a case in which the underlying events occurred twenty-five years ago is self-evident.

(ECF No. 14-1 at 10-12.)

Subsequently, Petitioner filed the instant Petition, dated January 3, 2013, on January 7, 2013.

## II. DISCUSSION

### A. Statute of Limitations

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period was enacted through the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which went into effect on April 24, 1996. *Artuz v. Bennett*, 531 U.S. 4, 6 (2000). For convictions that occurred prior to AEDPA's effective date, all Courts of Appeal uniformly allowed a one-year grace period for petitioners to file federal habeas petitions challenging their pre-AEDPA convictions. *Johnson v. United States*, 544 U.S. 295, 300 (2005). The Third Circuit is one of those courts adopting the one-year grace period. *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

Thus, even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Gibbs v. Goodwin*, Civil Action No. 09-1046 (NLH),

2009 WL 1307449, at *3 (May 1, 2009); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

Here, Respondents argue that the Petition is time-barred by AEDPA's statute of limitations. The Court agrees. The instant Petition, dated January 3, 2013, some 15 years after Petitioner's one-year grace period to challenge his pre-AEDPA conviction had expired, is undoubtedly statutorily time-barred. Nevertheless, Petitioner seeks equitable tolling for the period between 1990 and 2009, essentially the entire period before his state PCR application was finally filed. (ECF No. 1 at 8-9.) As described in the background section, Petitioner had made similar arguments in state court regarding the timeliness of his state PCR application, which the state court rejected.

The Court is in accord with the Appellate Division's concerns with Petitioner's equitable tolling arguments.

However, the Court need not reach a conclusion on this equitable tolling argument; Petitioner is time-barred even if the Court grants equitable tolling for all delays prior to the filing of Petitioner's PCR application in December of 2009. Even if Petitioner's one-year grace period started running in December 2009, that period still would have expired long before the instant Petition was filed on January 3, 2013. Ordinarily, when a properly-filed state PCR application is pending, the AEDPA limitations period would be statutorily tolled. 28 U.S.C. § 2244(d)(2). Yet, when a state court has determined that a PCR application was not timely filed, statutory tolling is not permitted under AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under [AEDPA]"); *Allen v. Siebert*, 552 U.S. 3, 5 (2007) ("[A] state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)"). Since the state court, in the instant matter, explicitly found that the PCR application was untimely, "*that would be the end of the matter*, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits." *Pace*, 544 U.S. at 414 (quoting *Carey v. Stafford*, 536 U.S. 214, 226 (2002)) (emphasis in original). As such, the Court finds that the instant Petition is statutorily time-barred under AEDPA, because Petitioner is not entitled to statutory tolling for his PCR application. Furthermore, as Petitioner has not offered any reasons for equitable tolling for the delay that occurred *after* December 2009, the Court denies the Petition as untimely.

In the interest of justice, if Petitioner has valid reasons why the Petition should not be denied as untimely, Petitioner may file a motion to reopen stating those reasons, supported by evidence, within 30 days from the date of entry of the accompanying Order. In Petitioner's motion, Petitioner should not assume that the Court will grant equitable tolling for the period between April 24, 1996, when Petitioner's one-year grace period began, and December 2009, when Petitioner filed his PCR application; that is, Petitioner should present good cause, supported by evidence, to excuse that 13-year delay, particularly addressing the issues raised by the Appellate Division decision cited above. Of course, Petitioner's motion should also address the delay that occurred after the PCR application was filed.

### III.  CONCLUSION

For the reasons set forth above, the Petition is DENIED without prejudice as time-barred. Petitioner may, within 30 days of the date of entry of this Order, move the Court to reopen the case. Petitioner's motion shall include valid reasons why the Petition is not untimely, including any arguments, supported by evidence, why the Petition is entitled to equitable tolling.

*[signature]*

**Claire C. Cecchi, U.S.D.J.**

Dated: February 2, 2017